IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-00050-RLV
(5:03-cr-00050-RLV-2)

| | |
|---|---|
| ASIATIC SUPREME ROBINSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se motions to reconsider the Order dismissing his § 2255 motion to vacate his sentence. (Doc. Nos. 5, 6).

On November 18, 2003, Petitioner was indicted on one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. After the return of the indictment, the Government filed notice of its intention to seek enhanced penalties pursuant to 21 U.S.C. §§ 851 based on at least one prior controlled substance offense. Petitioner pleaded guilty pursuant to a written plea agreement and he was sentenced to a term of 262-months' imprisonment and the Fourth Circuit dismissed Petitioner's appeal. See United States v. Robinson, No. 05-4585 (4th Cir. file Jan. 19, 2006).

On October 25, 2011, the Clerk docketed Petitioner's pro se § 2255 motion to vacate his sentence in which he argued that he was entitled to sentencing relief based on the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense under the [Controlled Substances Act], the individual defendant must have

1

been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

On October 17, 2011, this Court dismissed Petitioner's motion to vacate after finding first, that it was untimely under any of the provisions of § 2255(f), and second, that it was without merit.

In his first motion for reconsideration, Petitioner renews his contention that he is entitled to relief under Simmons. This motion is denied because Petitioner's 1995 conviction for possession with intent to sell or deliver cocaine, for which he received a term of 5 years' imprisonment, qualifies as a predicate felony under § 851. (5:03-cr-00050, Doc. No. 86: Presentence Report (PSR) ¶ 33). Second, as the Court noted in the order of dismissal, with or without the § 851 enhancement, Petitioner still received a sentence within the maximum term under 21 U.S.C. § 841(b)(1)(B).

In his second motion for reconsideration, Petitioner contends that he is entitled to have his designation as a career offender set aside based on the Fourth Circuit's decision in Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014), in which the Court held that an erroneous career offender designation represented a "fundamental miscarriage of justice that is cognizable on collateral review." Id. at 551. Petitioner's second motion will be denied because the Whiteside

2

panel opinion was vacated. See Whiteside v. United States, 775 F.3d 180 (4th Cir. 2014), cert. denied, 135 S. Ct. 2890 (June 29, 2015).

**IT IS, THEREFORE, ORDERED** that Petitioner's motions for reconsideration are **DENIED**. (Doc. Nos. 5, 6).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED**.

Signed: July 25, 2016

Richard L. Voorhees
United States District Judge